UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
22ND STREET SPRINGFIELD CORP.,

       Plaintiff,

  - against -

UNITED STATES LIABILITY
INSURANCE GROUP,

       Defendant.
----------------------------------------------------------X

**MEMORANDUM
AND ORDER**

CV 08-0692 (RJD) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

  Plaintiff 22nd Street Springfield Corporation ("22nd Street")[1] filed this insurance coverage action against defendant United States Liability Insurance Group ("USLIG") in the Supreme Court of the State of New York, County of Kings, on February 8, 2008. *See* Docket Entry ("DE") 1 (including USLIG's Notice of Removal ("Notice") and the plaintiff's Verified Complaint ("Complaint")). On February 20, 2008, USLIG filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that USLIG has not satisfied its burden of establishing that this court has original jurisdiction. Specifically, USLIG has failed to allege, let alone demonstrate, that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254 (E.D.N.Y. 2007).

---

[1] 22nd Street also does business as "The Elite Ark." For the purposes of this memorandum and order, I refer to the collective corporate organization as "22nd Street."

A.   Background

The instant insurance coverage dispute arises out of a motor vehicle accident. In a separate action now pending in state court under the caption of *Franklin Pena, et al. v. Yury O Susty, et al.*, Index No. 9132-2007 (N.Y. Sup. Ct. Queens County), plaintiffs Franklin Pena, Shalima Khan, and Zarene Baksh allege that they sustained injuries in the collision of their vehicle and a car driven by one Yury Susty ("Susty"); they further allege that 22nd Street is liable to them for having tortiously served liquor to Susty to the point of his intoxication. *See* DE 1 at 14-19 (Verified Complaint in *Pena*) (the "*Pena* Complaint"). In turn, 22nd Street filed the instant action against USLIG, its insurance provider, for its alleged failure to provide coverage, defend, or indemnify 22nd Street in the *Pena* action. 22nd Street seeks two forms of declarative relief: a declaration "that [USLIG] is obligated to defend and indemnify 22nd Street[,]" and a declaration "that [USLIG] is obligated to pay [22nd Street] the full amount of any potential judgment rendered" in the *Pena* action. Complaint ¶¶ 24, 25. 22nd Street alleges damages "in the amount of the costs and expenses for a legal defense with said damages continuing." Complaint ¶ 20.

B.   Removal Procedures Generally

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met.  Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)).  With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must "prov[e] that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]."  *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994).  A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal."  *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

    C.    <u>The Effects Of New York's Procedural Law On Removal To Federal Court</u>

Where, as here, a plaintiff seeks declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) (collecting cases); *see DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 276 (2d Cir. 2006) (same; citing *Hunt*); *City of New York*

*v. A-1 Jewelry & Pawn, Inc.*, ___ F.R.D. ___, 2007 WL 4462448, at *5 (E.D.N.Y. Dec. 18, 2007) (same). Unfortunately for USLIG, the complaint in the instant action does not specify the value of the indemnification that 22nd Street seeks. Nor does the *Pena* Complaint specify the amount of 22nd Street's potential liability, and for good reason.

The motor vehicle incident prompting this insurance dispute involves a tort claim governed by New York law. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case like the one from which this dispute derives. *See* N.Y. C.P.L.R. § 3017(c). Thus, while 22nd Street does include a description of its claims against USLIG as well as a copy of the *Pena* Complaint, it says nothing specific in any of its removal papers about the amount actually in controversy. The only indication of the extent of damages for which 22nd Street may be liable, and for which it may therefore seek indemnification, is an allegation in the *Pena* Complaint that the plaintiffs there have suffered "serious personal injuries as defined in" certain New York State statutes – none of which requires an amount-in-controversy as high as the threshold for federal diversity jurisdiction. *Pena* Complaint ¶¶ 15, 22, 28. Further, 22nd Street provides no information about the extent of legal expenses for which it seeks to hold USLIG liable. Although I can infer from the allegations in both complaints that 22nd Street may seek a substantial indemnification from USLIG, I cannot conclude from the pleadings that the amount in controversy necessarily exceeds $75,000.

The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco v. MGM Transport, Inc.*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001))). The Notice provides no additional detail to support

jurisdiction; it merely makes the conclusory assertion that this court "has jurisdiction over same by reason of the diversity of citizenship of the parties." Notice ¶ 5. Neither the Notice, the Complaint, nor the *Pena* Complaint provides any indication that the amount actually in controversy – that is, the amount that the plaintiff seeks as a result of denial of insurance coverage – exceeds $75,000. Accordingly, I conclude that the pleadings now before the court do not satisfy the defendant's burden to establish the existence of federal jurisdiction. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

USLIG is not without recourse. USLIG may pursue additional discovery or make a demand for a bill of particulars, options available to it in the state court proceedings. *See* N.Y. C.P.L.R. §§ 3042(a), 3101, 3102. USLIG was free to take advantage of these provisions before seeking to remove the case, and it will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[2] Moreover, New York law provides an additional mechanism by which USLIG may eventually develop information sufficient to demonstrate the existence of federal jurisdiction: 22nd Street – in its capacity as a defendant in the *Pena* action – "may at any time request" from the *Pena* plaintiffs "a supplemental demand setting forth the total damages" to which those plaintiffs deem themselves entitled. N.Y. C.P.L.R. § 3017(c); *see Bellocchio*, 499 F. Supp. 2d at 256. While

---

[2] While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure. Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel. *See* Fed. R. Civ. P. 26(d), (f). Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to a defendant in state court would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

USLIG may not make direct use of that procedural mechanism, 22nd Street can; and if it does so, USLIG can in turn demand it from 22nd Street.

Nor is USLIG prejudiced by the necessity of seeking discovery with respect to the timing of a removal notice. Defendants must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here, the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Once the defendant receives such a document, it may seek removal within 30 days of receipt.

D. <u>Remand And Review Procedures</u>

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command; it also makes sense. Requiring USLIG to seek information available under state law before attempting to remove the case places no meaningful burden on it that it will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judgment, USLIG will need to find out the value of the indemnification that 22nd Street seeks. I decide no more than that it must seek out that information before coming to this court, not after. If USLIG learns that 22nd Street seeks indemnification for an amount in excess of $75,000, it may seek to reopen the case in this court and 22nd Street will have to bear the burdens associated with the removal. Otherwise, the case will properly remain in state court – and this court will not be

burdened with overseeing discovery of a dispute that is not properly before it. *Bellocchio*, 499 F. Supp. 2d at 257.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendants to lodge any objections they may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g., Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

USLIG will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for USLIG to file any objections it may have. Under the pertinent rules, a stay until March 11, 2008, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time). Should USLIG actually pursue such relief, it may of course apply to me or to the assigned district judge for a further stay pending resolution of its objections.[3]

E.    Conclusion

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Kings County. In order to afford the defendant sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until March 11, 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
       February 22, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[3] In addition, if USLIG can establish that the jurisdictional requirements are satisfied before the stay elapses, either by virtue of information provided by 22nd Street or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.